IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cr-051 (TSE) |
| | ) | |
| JAMES HAROLD STARK, | ) | Sentencing: May 31, 2019 |
| *Defendant.* | ) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Pursuant to Title 18 U.S.C. § 3553(a), Mr. James Harold Stark, through counsel, hereby notifies the Court that he has reviewed the Pre-Sentence Investigation Report ("PSR"). Mr. Stark agrees with the Probation Officer that the advisory Sentencing Guidelines are properly calculated at offense level 24 and Criminal History Category III, yielding an advisory range of 63-78 months but for the 120-month mandatory minimum required by 18 U.S.C. § 2252(b)(2) and USSG § 5G1.1(b) (setting Guideline range at mandatory-minimum, where it exceeds the otherwise-applicable range). In other words, the mandatory minimum sentence required here is nearly double the low end (and more than 50% above the high end) of the advisory Guideline range that would otherwise apply. And, significantly, the otherwise-applicable range independently accounts for the prior conviction that triggers the 120-month mandatory minimum (that conviction, which is Mr. Stark's only prior record, moves him from Criminal History Category I to III, accounting for 12-15 months of the otherwise-applicable Guideline range).

In these circumstances, applying the mandatory-minimum sentence not only conforms with the Guidelines (and greatly exceeds the otherwise-applicable range),

but avoids unwarranted sentencing disparities. The government's request for an upward variance of five years, on the other hand, would result in a sentence two-and-a-half to three times the otherwise applicable Guideline range, 50% above the actual Guideline range, and five years above the minimum set by Congress for such offenders, all of whom by definition are repeat offenders such as Mr. Stark. And, to the extent that the instant offense might be considered aggravated because of the recency of Mr. Stark's release from prior incarceration and his poor performance on supervision, that has already been addressed by a separate two-year sentence on a supervised-release violation for related conduct (which was the maximum authorized by statute, *see* 18 U.S.C. § 3583(e)(3)). Importantly, Mr. Stark has been continuously incarcerated on that sentence since April 2017, and this sentence will run consecutive to that one – resulting in a total sentence of at least 12 years. As a result, the minimum total sentence Mr. Stark will serve will already be 20% longer than the ten years that is mandatory for repeat offenders, even if the Court imposes the minimum ten-year sentence. The government's request for an even longer sentence is untethered to any empirical data, to comparison cases, or to any foundation in the Sentencing Guidelines.

**I. Legal Standard**

As the Court is aware, the overriding principle and basic mandate of 18 U.S.C. § 3553(a) require district courts to impose a sentence "*sufficient, but not greater than necessary*" to comply with the four purposes of sentencing set forth in § 3553(a)(2): retribution (to reflect the seriousness of the offense, to promote respect for the law,

and to provide "just punishment"); deterrence and incapacitation ("to protect the public from further crimes"); and rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment"). Further, § 3553(a) sets forth the factors the District Court considers in fashioning a sentence that will meet the goals of sentencing: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the kinds of sentences available, (3) the need to avoid unwarranted sentencing disparities, (4) the need for restitution, and (5) the need for the sentence to reflect: the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a).

## II. Application of 3553 (a) Factors

Mr. Stark is 58 years old and has one prior conviction, in 2008, for receipt of child pornography. Prior to his first involvement with the criminal justice system eleven years ago, Mr. Stark held steady employment, supported his family, and while he originally failed to complete college, he returned and got two bachelor's degrees in his 30s. *See* PSR ¶ 92. Importantly, he openly acknowledges that he has struggled with addiction, including to pornography and child pornography.

Prior to his instant period of incarceration, Mr. Stark had served a total of just over six years' incarceration. *See* PSR ¶ 67 (prior to instant term of incarceration,

which commenced on April 14, 2017, a total of 76 months' incarceration had been imposed). The sentence requested here would result in a 12-year sentence (ten years on the instant offense, which immediately follows the two-year supervised-release sentence he began serving in April 2017); that sentence would be almost exactly twice the total amount of incarceration he has previously served. This Court must, of course, impose the sentence that is minimally-sufficient, and the government offers no evidence that a doubling of the total term of incarceration Mr. Stark has previously served would be insufficient to accomplish the purposes of sentencing. When such a sentence is considered along with Mr. Stark's age and the fact that he will be subject to sex-offender registration and intensive supervision upon release, there is no basis to conclude that an upward variance as requested by the government is necessary.

The government's request, rather than relying on empirical sentencing data or any other evidence to justify the sentencing disparity that its request would cause, instead relies on hyperbole drawn nearly entirely from observations of the psychologist who treated Mr. Stark during (and as a condition of) his prior term of supervision. There are a number of problems with the government's reliance on this single source of information. Principally, the problem with the government's arguments is that they do not distinguish Mr. Stark from other similarly-situated defendants (i.e., those who have a prior conviction for similar conduct, are facing a ten-year mandatory sentence, *and* have just completed a two-year sentence for violating supervision on the previous charge). The government faults Mr. Stark, for example, for being careful in his prior supervised-release hearing not to explicitly

admit a new offense about which his counsel had not seen any evidence. Any defense lawyer would have counseled exactly that strategy (and the fact that the court imposed the maximum sentence statutorily authorized for the violation suggests that the Judge did not believe that the violations were only technical).

The government also finds fault in Mr. Stark's unsuccessful participation in court-ordered treatment as a condition of his supervision. Such treatment, however, is devoid of the confidentiality that accompanies typical mental health treatment and the provider is contractually obligated to apprise the Probation Office of any misconduct. Again, the fact that Mr. Stark was reticent in that context to openly describe his continuing struggles with pornography hardly differentiates him from anyone who has unsuccessfully complied with a prior term of supervision (and who received the maximum allowable sentence for having done so). In a similar vein, the government even finds fault with Mr. Stark's self-reported decision to excuse himself from the presence of a minor during a previous term of employment when he felt inappropriate urges (*see* PSR ¶ 20, discussed in Government Memo at 11).[1] Such conduct would seem laudatory, as would the fact that Mr. Stark self-reported it to his

---

[1]  With respect to the two incidents discussed in PSR ¶ 84, they are both in the PSR solely by virtue of Mr. Stark's self-reporting, and he reports that they both occurred 40 or more years ago – one while he was a minor, and one very shortly after he turned 18. The treatment provider to whom Mr. Stark described these incidents believes that he reported the one that occurred as an adult to have occurred more recently (approximately 15 years ago). The government appears to credit the treatment provider's recollection – contending that Mr. Stark self-disclosed recent conduct considerably more serious than anything of which he has been accused – while also contending, somewhat incongruously, that Mr. Stark routinely minimizes and refuses to admit wrongdoing.

Probation Officer, but the government uses that self-reported incident against Mr. Stark in its sentencing request while at the same time finding fault in his failure to be *more* forthcoming in treatment and with his Probation Officer.

None of these arguments is intended to suggest that Mr. Stark's previous performance on supervision or in treatment was acceptable. Rather, these arguments are raised merely to show: a) that Mr. Stark has already been punished with the maximum authorized sentence for violating the conditions of his supervision; and b) that nothing about that conduct merits the government's extraordinary variance request, or substantially distinguishes Mr. Stark from anyone facing the minimum twelve-year sentence he now faces (two of which have already been served for the violation, and ten more of which are mandatory on the instant offense).

## Conclusion

In light of all of these considerations, Mr. Stark respectfully submits that the Court should impose no more than the mandatory-minimum sentence of 120 months. That sentence not only substantially exceeds the otherwise-applicable Guideline range, but will run consecutive to a two-year supervised-release sentence Mr. Stark has already served for related conduct. Moreover, Mr. Stark will emerge from such a sentence in his late 60s, when he will be subject to intensive supervision and sex offender registration. In these circumstances, the 120-month sentence is sufficient to accomplish the purposes of sentencing, while the upward variance the government requests will result in an unwarranted sentencing disparity. Finally, Mr. Stark

agrees with the Probation Officer that he is indigent and should not be ordered to pay a fine. *See* PSR ¶ 112.

>
> Respectfully submitted,
>
> JAMES HAROLD STARK
>
> By Counsel,
> Geremy Kamens,
> Federal Public Defender

By:    /s/
      Todd M. Richman
      Va. Bar # 41834
      Attorney for Mr. Stark
      1650 King Street, Suite 500
      Alexandria, Virginia 22314
      (703) 600-0845 (telephone)
      (703) 600-0880 (facsimile)
      Todd_Richman@fd.org (email)

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2019, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

In addition, a copy of this Memorandum will be served via electronic mail upon United States Probation Officer Kenneth G. Orsino.

                                                    /s/
                                    Todd M. Richman
                                    Va. Bar # 41834
                                    Assistant Federal Public Defender
                                    Attorney for Mr. Stark
                                    1650 King Street, Suite 500
                                    Alexandria, Virginia 22314
                                    (703) 600-0845 (telephone)
                                    (703) 600-0880 (facsimile)
                                    Todd_Richman@fd.org (email)